IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIAMARY REYES,                          :
    Plaintiff,                      :
                                    :
v.                                      :    CIVIL ACTION NO. 25-7116
                                    :
G.H HARRIS ASSOCIATES, INC, *et al.*,   :
    Defendants.                     :

## MEMORANDUM

HENRY, J.                                               MARCH 27, 2026

Plaintiff Diamary Reyes filed this *pro se* civil rights action[1] pursuant to 42 U.S.C. § 1983

naming Whitehall Township ("Whitehall"), Whitehall Township Tax Collector/Treasurer Tina J.

Koren, G.H. Harris Associates ("G.H. Harris"), and G.H. Harris Employee Valerie (last name

unknown).  For the following reasons, the Court will dismiss the Complaint.

## I.    FACTUAL ALLEGATIONS[2]

---

[1] After Reyes failed to comply with the December 19, 2025, Order issued in this case (ECF No. 5) directing her to complete and return an Affidavit with her original signature to the Court within thirty days to cure the deficiency with her Motion to Proceed *In Forma Pauperis,* the Court dismissed her case without prejudice for failure to prosecute on February 11, 2026. (ECF No. 6.)  The Clerk of Court was directed to close the case.  (*Id.*)  On February 17, 2026, Reyes filed a motion to reopen this case stating she emailed the Clerk's Office in an attempt to comply with the December 19, 2025, Order because she was having issues with using the Electronic Document Submission tool.  (ECF No. 7.)  The Court vacated its prior Order and granted her motion to her reopen this case.  (ECF No. 9 at 1-2.)  The Court also granted her motion to proceed *in forma pauperis*.  (*Id*. at 2.)

[2] Reyes's Complaint ("Compl.") consists of seven typewritten pages of factual allegations and eighteen pages of exhibits.  (ECF No. 2.)  The Court considers the entire submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system.  The factual allegations set forth in this Memorandum are taken from the Complaint.  Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up.  The Court may consider matters of public record when conducting a screening under § 1915. *Buck v. Hampton Twp. Sch. Dist*., 452 F.3d 256, 260 (3d Cir. 2006).  The Court may also take judicial notice of the information published on a

Reyes's allegations stem from "Defendants' mishandling of [her] Per Capita Tax exoneration request, their issuance of a collection notice while [her] 2025 exoneration application was pending and unresolved, and their subsequent written statements" that contain false claims about prior exoneration denials and delinquency notices. (Compl. at 1.) She claims on or about October 17, 2025, she emailed Defendant G.H. Harris, a company that collects delinquent taxes for Whitehall, to request an exoneration of the Township per capita tax and attached the appropriate form and supporting documentation. (*Id*. at 2-3.) Later that day, Defendant Valerie responded via email that the attachments were not received. (*Id*. at 3.) Reyes sent the attachments again and Valerie confirmed receipt. (*Id*.) She alleges on October 20, 2025, Valerie emailed her that she did not meet the criteria for the exoneration because she receives income exceeding $5,000 per year for her disabled child. (*Id*.) Reyes responded via email to Valerie that same day requesting "clarification and reconsideration, citing Whitehall Township Code § 24-53 and explain[ed] that the ordinance refers to the income of **the person subject to the tax,** not the dependent child." (*Id*. at 3-4.) Reyes also cited law in the email response contending that the funds her dependent child receives from Supplemental Security Income ("SSI") and the Supplemental Nutrition Assistance Program ("SNAP") are non-taxable and should not be counted in the calculation of her yearly income. (*Id*. at 4.) Valerie replied that the per capita tax is "a personal tax based on your residency and not an income tax" and included Defendant Whitehall Treasurer Tina J. Koren in the email. (*Id*.) Koren emailed Reyes a copy of Whitehall Ordinance Article 5, § 24-53 "without addressing [her] legal concerns." (*Id*.) She

---

government website. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

submitted another per capita tax exoneration application with supporting documents and "requested confirmation once the application was reviewed." (*Id*.) She claims that "Defendants never issued a written approval or denial" (*id*.), and also attached the referenced emails to her Complaint. (*Id*. at 8-22.)

Reyes next asserts on December 5, 2025, while her 2025 exoneration application was still pending, G.H. Harris issued a collection letter, demanding $204.60 for prior delinquencies. (*Id*. at 4.) She then received an email on December 9, 2025, from G.H. Harris, which she believes was sent by Koren, falsely claiming she had been denied past exoneration request in 2022, 2023, and 2024, and was sent twelve tax-related delinquency notices. (*Id*.) Reyes alleges she did not receive the notices or apply for exoneration in the past and requested that G.H. Harris provide documentation of such claims. (*Id*. at 5.) She sent a follow-up email on December 11, but claims Defendants have not responded. (*Id*.) She attached the referenced emails *(id*. at 23-25), and what appears to be Whitehall's application for *per capita* exoneration to her Complaint, (*id*. at 19).

A review of the publicly available Whitehall Township Ordinance at issue, Article 5, § 24-53 titled "Exoneration,"[3] states the following persons shall be deemed exonerated from the obligation to pay Whitehall's per capita taxes:

> A. Adult individuals aged 72 and older, as of December 31 of the prior calendar year.
> B. Individuals whose income from all sources is less than $5,000 per year and are:
>> (1) Adult individuals between the ages of 62 and 71 years, as of December 31 of the prior calendar year, inclusive.
>> (2) Widows and widowers age 50 and older, as of December 31 of the prior calendar year.
>> (3) Persons permanently and totally disabled, as determined utilizing criteria developed or hereinafter to be developed by the Social Security Administration.

---

[3] Whitehall's website, https://www.whitehalltownship.org/index, provides the following link to its ordinances referenced herein, https://ecode360.com/13158860#13158869 (last accessed Mar. 24, 2026).

3

> (4) Persons deemed legally blind, in accordance with appropriate social security criteria.

*Id.* The following section, § 24-54, titled "Notice of tax due," states:

> The per capita tax shall be collected by the Township Treasurer. The Township shall annually send every inhabitant of the Township who is 18 years of age and over a notice of the per capita tax due by such inhabitant for the current year, however, the failure or omission of the Township to send, or of any taxpayer to receive, such notice shall not relieve such person from the payment of the per capita tax.

*Id.* Under Article VII, titled "Taxpayers Bill of Rights," the Ordinance provides that "any person aggrieved by a decision under this article who has a direct interest in the decision shall have the right to appeal to the court vested with the jurisdiction of local tax appeals by or pursuant to Title 42, Pa.C.S. (relating to judiciary and judicial procedure)." *Id.* § 24-71.

As a result of these events, Reyes contends that she has suffered stress and confusion. (Compl. at 5.)  She brings procedural and substantive due process claims under the Fourteenth Amendment and related state law claims.  (*Id*. at 5-6.)  She seeks money damages, a declaration that her rights were violated,[4] and injunctive relief.  (*Id*. at 6.)

## II.      STANDARD OF REVIEW

Because Reyes is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a

---

[4] Declaratory relief is unavailable to adjudicate past conduct, so Reyes's request for this type of relief is dismissed.  *See Corliss v. O' Brien*, 200 F. App' x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App' x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

4

claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Reyes is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).  "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*."  *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III.    DISCUSSION

Reyes alleges her claims pursuant to 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought in federal court, in addition to violations of state law.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Fourteenth Amendment Claims

Reyes brings procedural and substantive due process claims under the Fourteenth Amendment.  The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing before the government can deprive an individual of a liberty or property interest.  To establish a procedural due process violation, a person must first demonstrate that she has been deprived of a constitutionally protected property or liberty interest.  *See Daniels v. Williams*, 474 U.S. 327, 339 (1986); *see also Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010).  If a liberty or property interest is found, the next step in the due process inquiry is to determine what process is due.  Stated another way, in order to state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) [s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law."  *Rosado v. City of Coatesville*, No. 19-2426, 2020 WL 1508351, at \*3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)).  "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [s]he wants."

*Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).  Due process is not a technical conception with a fixed content unrelated to time, place, and circumstance.  *Gilbert v. Homar,* 520 U.S. 924, 930 (1997).  Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972).

Reyes had process available to challenge the determination of her exoneration eligibility. Pursuant to § 24-71, "any person aggrieved by a decision under this article who has a direct interest in the decision shall have the right to appeal to the court vested with the jurisdiction of local tax appeals by or pursuant to Title 42, Pa.C.S. (relating to judiciary and judicial procedure)." *Id*.  Assuming without deciding that Reyes's entitlement to exoneration from the tax is a protected interest under the Fourteenth Amendment, she was provided notice in Valerie's email that her application was denied based on her income exceeding $5,000 per year, and informed that she had the right to appeal the decision under § 24-71.  Reyes alleges that after Valerie's email informed her that her application was denied, she responded with a request for reconsideration and asked for documentation of delinquencies that Valerie mentioned.[5]  (Compl. at 4-5.)  Although she does not state whether she exercised her available appeal rights related to these tax issues, as she nonetheless had process "on the books that appears to provide due process," *Alvin*, 227 F.3d at 116, she cannot show a plausible procedural due process violation.

Reyes also asserts a claim under the "substantive" prong of the Due Process Clause, which bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them.  *Zinermon v. Burch,* 494 U.S. 113, 125 (1990)

---

[5] Reyes claims she did not receive any notices of delinquencies.  Section 24-54, titled "Notice of tax due," states "the failure or omission of the Township to send, or of any taxpayer to receive, such notice shall not relieve such person from the payment of the per capita tax." Whether or not she received delinquency notices, the appeal provision of the ordinance provides Reyes with process to appeal any such claim.

(quoting *Daniels*, 474 U.S. at 328).  To be plausible, this type of due process claim must allege governmental conduct that "'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.'"  *United States v. Salerno*, 481 U.S. 739, 746 (1987) (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).  The United States Supreme Court explained that "the core of the concept" of due process is "protection against arbitrary action," *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998), and that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense," *id*. at 846 (quotation omitted).  Accordingly, in a substantive due process challenge to an action taken by a government official, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Id*. at 847 n.8; *see also United Artists Theatre Circuit, Inc. v. Township. of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003) ("[O]ur cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience.").

Reyes's allegations regarding Defendants' conduct, accepted as true, fail to rise to the level of conscious-shocking behavior.  Defendants' denial of her exoneration request, explaining the denial is based on her total income exceeding $5,000 per year and sending her the language of the Whitehall ordinance providing that income from *all sources* must be lower than $5,000 per year to qualify for the exoneration, was not arbitrary conduct.  *Id.*  G.H. Harris's actions, whether through Koren or otherwise, in contacting Reyes in an attempt to collect delinquent taxes are also not arbitrary conduct or conscious-shocking behavior as G.H. Harris is alleged to be the contracted debt collector for Whitehall and Koren is deemed under the ordinance to be the per capita tax collector.  *See id.* at § 24-54.  Furthermore, her claims regarding not receiving the per capita tax notice are also not conscience shocking since the failure is best characterized as

8

negligence, mistake or inadvertence, since there is no suggestion that the behavior was malicious. *County of Sacramento*, 520 U.S. at 849 (holding that negligence is "categorically beneath the threshold" and will never qualify as conscience shocking); *Serafin v. Montgomery Co., PA Off. of Child. + Youth*, No. 19-1817, 2019 WL 3425067, at *4 (E.D. Pa. July 29, 2019) ("Serafin's allegations do not support a plausible claim that the Defendants acted in a conscience-shocking manner, even if they made mistakes or otherwise acted incorrectly."). Because nothing about Defendants' behavior rises to the level of arbitrary, conscious-shocking behavior, she has failed to allege a plausible substantive due process claim. Therefore, the Fourteenth Amendment claims will be dismissed with prejudice.

### B. Municipal Liability Claims

Reyes also names Whitehall as a defendant.[6] As an initial matter, a municipality is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that local governments can be liable as "persons" under § 1983, but this liability extends only to "their *own* illegal acts" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986))). Rather, to plead a § 1983 claim against a municipality or municipal entity, a plaintiff must allege that the municipality or municipal entity's policy or custom caused the violation of his constitutional rights. See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). But "[i]t is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227,

---

[6] Reyes also names Valerie and Koren in their official capacities. Claims against Koren in her official capacity are indistinguishable from the claims against Whitehall, the governmental entity who employs her. *See Kentucky v. Graham,* 473 U.S. 159, 165-166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Assuming, without deciding that G.H. Harris is considered a state actor as a contractor for Whitehall, the same analysis would apply to Valerie. Thus, a suit against these defendants in their official capacities is duplicative and will be dismissed with prejudice.

238 n.15 (3d Cir. 2013) (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (stating that if a municipal employee "inflicted no constitutional injury . . . , it is inconceivable that [the municipality] could be liable")).  Because Reyes has failed to plead any plausible underlying constitutional violation, it is inconceivable that the claim against Whitehall is plausible and it will be dismissed with prejudice.

       **C.**       **State Law Claims**

Because her federal claims will be dismissed, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over her remaining claims brought under state law. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Benefit Life Co.,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'"  *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344

(3d Cir. 2011).  Residence alone is insufficient to establish domicile.  *Krasnov v. Dinan*, 465

F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent

to remain indefinitely.").  Rather, "domicile is established by an objective physical presence in

the state or territory coupled with a subjective intention to remain there indefinitely."  *Hovensa*

*LLC*, 652 F.3d at 344.

Reyes asserts she is a citizen of Pennsylvania and resides in Whitehall.  (*See* Compl. at

2.)  Although she does not allege the state citizenship for all Defendants, she alleges Whitehall is

"a municipal entity in Lehigh County."  (*Id*.)  Her own citizenship cannot be diverse from

Whitehall, which is the same place that she resides.  Accordingly, diversity jurisdiction is lacking

over Reyes's state law claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Reyes's Complaint.  No leave to amend

will be given as amendment would be futile.  *See Grayson v. Mayview State Hosp*., 293 F.3d

103, 108, 110 (3d Cir. 2002).  An appropriate Order dismissing this case will be entered

separately.  *See* Federal Rule of Civil Procedure 58(a).

11